# Kennedy-Stroh Corporation, Appellant, *v.* Davis.

*Contracts — Acceptance — Meeting of minds — Confirmation of offer.*

An offer to sell certain material under definite terms and conditions must be accepted, in accordance with such terms, before there can be a meeting of minds, and a consummation of the contract between the parties.

Where, in an action upon a contract, the plaintiff's case consists of the proof of the proposal, with the presumption of assent thereto arising from the silence of the defendant, no legal inference of a contract can arise out of such silence, without evidence of a duty to speak on the part of the defendant, which was neglected to the plaintiff's harm.

The insertion of additional conditions, and the substitution of a new party to the contract, is not an acceptance of an offer which would constitute a contract between the parties.

Argued May 7, 1919. Appeal, No. 97, April T., 1919, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1917, No. 1316, on verdict for plaintiff in case of Kennedy-Stroh Corporation, for the use of Edgewater Steel Company, a Corporation, v. Charles Davis, doing business as C. Davis & Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit for balance due on a book account and for damages for breach of oral contract for the sale of scrap iron. Before SHAFER, P. J.

The facts appear in the following opinion of the court below discharging rule for judgment for want of a sufficient affidavit of defense:

The action is assumpsit for damages alleged to have been sustained by plaintiff by reason of the nondelivery of scrap iron claimed to have been sold by the plaintiff to the defendant. It appears from the pleadings that at and before the time of making the alleged contract a dispute existed between the parties as to whether or not the plaintiff owed the defendant the sum of $364.50, and that on September 23, 1916, the plaintiff and defendant had negotiations in which it was agreed that the defendant should give the plaintiff credit for that sum and that the defendant would sell to the plaintiff 500 tons of steel scrap at $17.75 a ton, it being the intention of the parties that the contract should be put in writing. The defendant thereupon sent to the plaintiff a written proposal for the sale of this scrap, which he asked the plaintiff to please sign and return. In reply to this communication the plaintiff company returned the order to the defendant, having struck out the name of the Kennedy-Stroh Corporation and inserted in its place the name of the Edgewater Steel Company and having added the stipu-

lation "Buyers' weights to govern settlement," the accompanying letter noting the change thus made in the proposed contract and expressing the hope that it' would be satisfactory. No mention was made in this letter of the proposal to cancel the defendant's claim against plaintiff for $364.50. To this letter the defendant made no reply and no further communication appears to have taken place between the parties until in December, when the plaintiff demanded the delivery of the scrap iron and upon defendant's refusal this action was brought to recover the difference between the market value of the scrap at that time and the amount provided in the contract.

We are unable to see how, under this state of facts, the plaintiff can recover, having received a written proposal for a contract and having altered it in a material respect and returned it. The plaintiff was in itself in the position of making a proposal and admittedly it never received any assent to that proposal, and without an assent either expressed or implied by circumstances, of course, there was no contract. The contention of the plaintiff, as we understand it, is that under the circumstances the defendant was bound to make some answer to their communication and that a failure to do so amounted to an assent. We are clearly of opinion that the defendant was not under any duty to make an answer to the communication and that he was not estopped by his silence. The rule is therefore discharged.

The court directed a verdict in favor of the plaintiff in the sum of $397.29 and entered judgment thereon. Plaintiff appealed.


*Error assigned* was the decree of the court.


*Malcolm Goldsmith,* and with him *A. Leo Weil, S. Leo Ruslander* and *George K. Warn,* for appellant.— The letter of the defendant was a memorandum of the oral contract to sell: Lowry v. Mehaffy, 10 Watts 387;

Simpson v. Breckenridge, 32 Pa. 287; Caldwalder v. App, 81 Pa. 194; Everhart v. Dolph, 133 Pa. 628; Witman v. Reading, 191 Pa. 140; Broadhead v. Reinhold, 200 Pa. 618.

The change in conditions did not relieve the defendant from performing his part of the contract Collins v. Baumgardner, 52 Pa. 461; Empire Implement Manufacturing Company v. Hency et al., App., 219 Pa. 135.

*Charles H. Sachs,* of *Sachs & Caplin,* for appellee.

OPINION BY HEAD, J., July 17, 1919:

The opinion filed by Judge SHAFER in the court below discharging the rule for judgment for want of a sufficient affidavit of defense briefly, but quite clearly, sets forth the facts out of which the present controversy arises. From those facts he deduces the legal principle which controlled his action in the disposition of the case.

We are all of the opinion the conclusion he reached was a correct one and we can perceive nothing of value we could add to his opinion. We accordingly adopt it as expressive of the reasons why we affirm the judgment. The assignments of error are overruled.

Judgment affirmed.